**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION - CINCINNATI**

| | | |
|---|---|---|
| SADEK MOHAMED MOSES AHMED, et al., | : | Case No. 1:25-cv-788 |
| | : | Judge Matthew W. McFarland |
| Plaintiffs, | : | |
| v. | : | |
| MARCO RUBIO, in his official capacity as United States Secretary of State, | : | |
| Defendant. | : | |

---

**ORDER AND OPINION**

---

This matter is before the Court on Defendant's Motion to Dismiss (Doc. 4). Plaintiffs filed a Response in Opposition (Doc. 5), but Defendant did not file a reply in support, and the time to do so has expired. This matter is thus ripe for the Court's review. For the following reasons, Defendant's Motion to Dismiss (Doc. 4) is **GRANTED**.

**BACKGROUND**

Plaintiff Sadek Mohamed Moses Ahmed ("Plaintiff Sadek") received an immigrant visa resulting from an F3 family-based immigrant visa petition filed by his father in 1997. (Compl., Doc. 1, ¶ 2.) Subsequently, Plaintiff Sadek's daughter, Plaintiff Hanan Sadek Mohamed Moses Ahmed ("Plaintiff Hanan"), who is a Yemeni national, executed a visa application before a consular officer at the United States Embassy in Djibouti in June 2023. (*Id.* at ¶ 88; Dus Decl., Doc. 4-1, Pg. ID 59.) Plaintiff Hanan's visa application was denied pursuant to Section 221(g) of the Immigration and Nationality

Act ("INA") after the consular officer determined that she was not a child under the INA and thus was ineligible to receive a derivative visa. (Compl., Doc. 1, ¶ 5; Dus Decl., Doc. 4-1, Pg. ID 59.) In particular, the consular officer determined that Plaintiff Hanan's true age was over 21 on the date of the visa interview and that she did not qualify as a child under the Child Status Protection Act ("CSPA") because she did not timely seek to acquire lawful permanent resident status when a visa first became available to her. (Compl., Doc. 1, ¶¶ 5, 72, 89; Dus Decl., Doc. 4-1, Pg. ID 59–60.)

Plaintiffs filed the instant action on October 29, 2025, seeking relief under the Mandamus Act and the Administrative Procedure Act ("APA"). (Compl., Doc. 1, ¶¶ 101–63.) Specifically, Plaintiffs allege that Defendant has a clear, non-discretionary duty to adjudicate Plaintiff Hanan's visa application, that Defendant is unlawfully withholding adjudication of her application, and that Defendant has unreasonably delayed adjudication of her application. (*Id.*) Defendant filed a Motion to Dismiss (Doc. 4) on February 2, 2026, to which Plaintiffs filed a Response in Opposition (Doc. 5). Defendant's motion is now ripe for the Court's review.

**LAW & ANALYSIS**

Defendant seeks dismissal of Plaintiffs' Complaint on two grounds: lack of subject matter jurisdiction under Rule 12(b)(1) and failure to state a claim upon which relief can be granted under Rule 12(b)(6). The Court must address the Rule 12(b)(1) portion of the motion first. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). For the reasons set forth below, the Court agrees that it lacks subject matter jurisdiction over this matter. Accordingly, the Court's analysis begins and ends with Defendant's

Rule 12(b)(1) arguments.

When a defendant challenges subject matter jurisdiction under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction to survive the motion. *Wayside Church v. Van Buren Cnty.*, 847 F.3d 812, 817 (6th Cir. 2017) (quoting *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)). "A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). A court ruling on a factual attack "has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings." *W6 Rest. Grp., Ltd v. Loeffler*, 140 F.4th 344, 349 (6th Cir. 2025) (quoting *Cartwright*, 751 F.3d at 759). "A facial attack," in contrast, "goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis." *Cartwright*, 751 F.3d at 759. Here, the Court finds that Defendant's factual challenge is sufficient to show a lack of subject matter jurisdiction.

Defendant contends that this action should be dismissed as moot, as Plaintiff Hasan's visa application has already been adjudicated and denied. (Motion to Dismiss, Doc. 4, Pg. ID 53–54.) Specifically, in a sworn declaration attached to the Motion to Dismiss, an official with the U.S. Department of State indicates that on June 4, 2023, "the consular officer refused Ms. Ahmed's visa application under section 221(g) of the Immigration and Nationality Act (INA) after determining that she was not a child under

the INA." (Dus Decl., Doc. 4-1. Pg. ID 59.) As an initial matter, the Court clarifies that this is an issue of standing, and not of mootness, as the denial of Plaintiff Hasan's visa application took place prior to the filing of this action. *See Kassim v. Rubio*, No. 25-11336, 2026 U.S. Dist. LEXIS 167761, at *7 (E.D. Mich. July 28, 2026); *Am. C.L. Union of Ohio, Inc. v. Taft*, 385 F.3d 641, 646 (6th Cir. 2004) ("While standing is assessed at the outset of the litigation, a case may become moot during the course of litigation, depriving the court of jurisdiction."). The Court therefore considers not whether this action is moot but instead analyzes whether Plaintiffs have proper standing to sue.

The doctrine of standing "ensure[s] that federal courts do not exceed their authority as it has been traditionally understood." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "The 'irreducible constitutional minimum of standing' has three well-known requirements: (1) the plaintiff must have suffered an 'injury in fact'; (2) that injury must have been 'caus[ed]' by the defendant's conduct; and (3) the injury must be 'redress[able] by a favorable decision.'" *Bearden v. Ballad Health*, 967 F.3d 513, 516 (6th Cir. 2020) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). The injury suffered by a plaintiff must be "(a) concrete and particularized and (b) actual or imminent rather than conjectural or hypothetical." *Lyshe v. Levy*, 854 F.3d 855, 856 (6th Cir. 2017).

In response to Defendant's initial jurisdictional argument, Plaintiffs contend that the 221(g) denial received by Plaintiff Hasan is not a "final refusal," and that "an application that is pending administrative processing has not been denied with finality and is in fact still pending." (Response, Doc. 5, Pg. ID 66.) Plaintiffs also assert that they "do not seek a perfunctory act of adjudication," and that they instead "challenge the

alleged failure to provide lawful adjudication consistent with the Child Status Protection Act . . . and governing statutory requirements." (*Id.* at Pg. ID 65.) But, Plaintiffs' arguments here fall flat, as they provide no citation to any law or regulation that requires Defendant to take further action after denying the visa application. *See Kassim*, 2026 U.S. Dist. LEXIS 167761, at *12 ("Plaintiffs do not adequately explain why further action is required by law."); *Sankari v. United States Dep't of State*, No. 2:24-CV-12975, 2025 U.S. Dist. LEXIS 103480, at *14 (E.D. Mich. May 30, 2025) ("Because the statute and regulations do not provide a 'specific, unequivocal command' that Defendants issue a final, unreviewable decision on a visa, or to conduct or complete administrative processing once a visa has been refused, there is no action here that Defendants have unlawfully withheld or unreasonably delayed."). Indeed, "the *only* duty that the statute or regulations impose on consular officers is a duty to grant or refuse a visa." *Sedaghatdoust v. Blinken*, 735 F. Supp. 3d 1, 7 (D.D.C. 2024). Plaintiffs thus have not shown a concrete and particularized injury that is redressable by this Court—the consular officer's duty had already been fulfilled at the time this case was filed. *See Hussein v. Beecroft*, 782 F. App'x 437, 441 (6th Cir. 2019) (finding that "the government fully discharged its clear duty to adjudicate" a plaintiff's visa application after it was denied).

Plaintiffs indicate that "the officer issued a 221(g) refusal for further evidence that [Plaintiff Hasan] sought to apply." (Response, Doc. 5, Pg. ID 66.) Under 22 C.F.R. § 42.81(e), "[i]f a visa is refused [pursuant to Section 221(g) of the INA], and the applicant within one year from the date of refusal adduces further evidence tending to overcome the ground of ineligibility on which the refusal was based, the case shall be reconsidered."

In analyzing Defendant's factual attack on jurisdiction, the Court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Ritchie*, 15 F.3d at 598. The Court thus notes the absence of any indication by Plaintiffs that further evidence was provided by Plaintiff Hasan in support of a reconsideration following the 221(g) denial. Accordingly, as Plaintiff Hasan has not demonstrated that further evidence was provided in support of her application following the 221(g) denial, Defendant has no obligation to further adjudicate the application pursuant to 22 C.F.R. § 42.81(e). *See Kassim*, 2026 U.S. Dist. LEXIS 167761, at *13. Thus, as Plaintiffs provide no authority entitling them to further adjudication of Plaintiff Hasan's visa application, they fail to demonstrate that they suffered any injury under the applicable statutes and regulations. Plaintiffs similarly fail to demonstrate redressability. *See Hussein*, 782 F. App'x at 442 (noting that, "given that defendants fully discharged their duties under the law, there was simply nothing else the district court could order defendants to do"). Plaintiffs therefore have no standing to sue, and this case is subject to dismissal without prejudice. *See Masih v. Rubio*, No. 25-10987, 2026 U.S. Dist. LEXIS 35566, at *6 (E.D. Mich. Feb. 20, 2026); *Thompson v. Love's Travel Stops & Country Stores, Inc.*, 748 F. App'x 6, 11 (6th Cir. 2018) (noting that "dismissal for lack of subject matter jurisdiction should normally be without prejudice").

**CONCLUSION**

For the foregoing reasons, the Court **ORDERS** the following:

1. Defendant's Motion to Dismiss (Doc. 4) is **GRANTED**;

2. Plaintiffs' Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**; and

3. This case is hereby **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: Matthew W. McFarland

JUDGE MATTHEW W. McFARLAND